UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| KRYSTAL GRICE,<br><br>      Plaintiff,<br><br>   v.<br><br>APOLLO EDUCATION GROUP, INC. d/b/a/ UNIVERSITY OF PHOENIX,<br><br>      Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

KRYSTAL GRICE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against APOLLO EDUCATION GROUP, INC. d/b/a UNIVERSITY OF PHOENIX, ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the

United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4.   Plaintiff is a natural person residing in Columbus, Georgia 31907.

5.   Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.   Defendant is a corporation with its headquarters located at 1625 W. Fountainhead Parkway, Tempe, Arizona 85282.

7.   Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9.   Plaintiff has a cellular telephone number that she has had for at least two years.

10.  Plaintiff has only used this phone as a cellular telephone.

11.  Beginning in or about August 2015 and continuing through August 2017, Defendant called Plaintiff incessantly each day in their attempts to entice Plaintiff to continue her education.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

13. Plaintiff knew that Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages as Plaintiff often would answer a call to be greeted by a recording before connecting to one of Defendant's representatives.

14. Plaintiff also recalls receiving automated voice messages from Defendant.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after the calls began in or about August 2015, Plaintiff spoke to Defendant, told them that she was not interested in continuing her education and asked Defendant to stop calling her.

17. This was Plaintiff's way of revoking all previous consent, if any existed, for Defendant to contact her.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Despite Plaintiff's revocation of consent, Defendant persisted in

calling Plaintiff multiple times through in or about August 2017.

20. These additional calls were upsetting, agitating and unnerving to Plaintiff.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TCPA**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. Defendant's calls to Plaintiff, on and after August 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, KRYSTAL GRICE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KRYSTAL GRICE, demands a jury trial in this case.

Respectfully submitted;

DATED: March 22, 2019            By: */s/ Dennis R. Kurz*
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**

PLAINTIFF'S FIRST AMENDED COMPLAINT